ANN M. DAWLEY, APPELLANT, *v.* EMILY N. RUGG AND CARLOSS A. RUGG, RESPONDENTS.

*Estoppel — release of a grantor from liability on a covenant of warranty does not affect the title of the grantee to the land.*

The plaintiff and the defendant Emily N. Rugg each claimed title to a piece of land by virtue of deeds received from one Rugg, since deceased. The plaintiff claimed that she had been induced to surrender her deed to the grantor, her father, who had destroyed it without her consent and subsequently deeded the land to the said defendant, who had knowledge of the plaintiff's prior title. In an action of ejectment a judgment was recovered by the plaintiff, under which she went into possession. Thereafter the said defendant brought an action against the executors of the deceased grantor, alleging the plaintiff's recovery and entry, and seeking to recover damages for a breach of the covenant of warranty contained in her deed. This action was settled and a release given by the defendant, in consideration of a sum of money paid by the executors, by which she released to them, and to all the heirs of the deceased, all her cause of action on all the covenants in the deed, and all claims or rights of action thereon. Thereafter the defendant paid the costs in this action, took a new trial under the statute and recovered a verdict, upon which a judgment in her favor was entered.

*Held*, that she was not estopped, by the release given to the executors and heirs-at-law of Rugg, from so doing.

APPEAL from a judgment, entered against the plaintiff on a verdict rendered at the Cattaraugus Circuit, and from an order denying a motion for a new trial made at Special Term upon a case and exceptions.

*W. Woodbury*, for the appellant.

*W. S. Thrasher*, for the respondents.

BRADLEY, J. :

The action is ejectment brought in March, 1880. The first trial resulted in a verdict and judgment in favor of the plaintiff, who caused it to be executed and went into possession. The defendants afterwards paid the costs, obtained an order vacating the judgment and took a new trial under the statute. The new trial was had in February, 1883, and the verdict was for the defendants.

The plaintiff's motion for new trial was denied and judgment entered on the verdict. The plaintiff appeals. It appears that both the plaintiff and the defendant Emily N. Rugg claimed title to the premises, under deeds alleged to have been made by one Jonathan G. Rugg to them respectively ; that the plaintiff was his daughter, and the defendant Carlos A. Rugg was his son, and husband of defendant Emily ; that after plaintiff had taken possession under the judgment in her favor, the defendant Emily brought an action upon the covenants in the deed to her against the executors of the will of Jonathan G. Rugg, who died intestate in 1877. The plaintiff in that action alleged the conveyance to her, with covenants of quiet enjoyment, etc., and that she had been ejected by title paramount. The executors by their answer denied that the plaintiff Ann M. Dawley had any title to the premises at the time of the conveyance to the defendant Emily M. Rugg, and that the latter took the title by the deed of Jonathan G. Rugg to her. That action came on to trial and during its progress was settled by the parties to it and discontinued. The terms of the settlement appear in a release under seal, made by her to the executors, which purports to be an instrument made between her of the first part and the executors and all the heirs-at-law of Jonathan G. Rugg, deceased, of the second part, and after the recital of the fact of the execution and delivery by the testator of the deed to her, with covenant

of warranty, and the purpose of the action, there follows. " Now, in consideration of the settlement of said action and certain moneys paid by said executors to said Emily N. Rugg, the said Emily N. Rugg does hereby release to said executors, and to all the heirs-at-law of said deceased, all her cause of action on said covenant of warranty, or any covenants in said deed, and all claims or right of action on said covenants against said executors or the heirs-at-law of said deceased grantor." The amount paid to her by the executors on such settlement was $500. After this she obtained the order vacating the judgment in this action and granting a new trial as before mentioned. The plaintiff then put in a supplemental complaint, setting forth the facts of that action and the settlement and release, and on the trial she proved all those facts and her judgment entered on the first verdict. She also gave evidence tending to prove, that on or about the 27th day of May, 1875, the testator and his wife executed and delivered to her a deed of the premises, which was not recorded; that the grantor, after its delivery, borrowed the deed of her and destroyed it without her knowledge or consent; that before the defendants had or claimed any title to the premises, they were advised of the plaintiffs' claim of title, and that she gave her father a life lease of the premises at the time she claimed to have taken the deed. And it appeared that she was the daughter of the testator and that she had one sister and three brothers at the time this action was commenced. The defendants gave evidence tending to prove that the deed claimed by plaintiff to have been delivered by her father to her was never, in fact, delivered, but before delivery was destroyed with her consent. The defendant Emily N. Rugg read in evidence a warranty deed of the premises made by Jonathan G. Rugg to her of date July 6, 1876, and recorded in the proper clerk's office, September 21, 1876.

The plaintiff's counsel requested the court to hold that the effect of the release made by the defendant on such settlement was to defeat her claim of title to the premises under the deed to her as an estoppel, or as release of her interest in the premises. The court declined to so determine and submitted the question of fact in respect to the title to the jury, and a verdict was rendered for the defendant. Exceptions were duly taken to the several rulings. The verdict is supported by the evidence, unless the effect of the

release was such as to defeat the right of the defendant to assert title under the deed of July, 1876.

The contention of the learned counsel for the appellant is that by the release the defendant is estopped from claiming title under that deed; and although the jury have found that the plaintiff had no title under the deed to her, yet she as one of the heirs-at-law of the testator was entitled as tenant in common to recover her share in the land. It is difficult to see how the defendant's title taken by that deed to her was affected by the settlement and release referred to. It did not, by its terms, release any interest in the premises, and no greater effect can be given to it than its purpose, ascertained by its terms, fairly justifies. The testator made to her a deed importing a conveyance of the land to the defendant, and in addition, as protection to the grantee, inserted a covenant of quiet enjoyment. The conveyance of the title did not depend upon the covenant, that afforded a mere right to the grantee to require him to reimburse her, if by reason of a defect in the title she should be disturbed in her possession by some party having the better title. It was a mere personal obligation assumed by the grantor, which was of no value if her title was perfect. If by an arrangement with her grantor he had obtained a release of her from the effect of that covenant and paid her for it, that would not restore the title to him or affect her interest in the premises, but would merely relieve him from his covenant of indemnity.

The considerations involved here so far as relates to the title of the premises reach no farther than that. The testator had made his deed containing the usual covenant for quiet enjoyment to the defendant and afterward died. His personal obligations came to the executors of his will. And for breach of his personal covenants they, as his representatives, were chargeable. After judgment in ejectment against this grantee and her eviction, they are, as such, by action, charged with liability for breach of the covenant in the deed of their testator, and without waiting for the determination of the action by judgment they settle with her and take a release in behalf of themselves as executors, and of the heirs-at-law of their testator from liability on such covenant. The practical effect of it is that for a consideration paid by the executors the covenant is taken from the deed. And thereafter the defendant was necessarily required

to rely solely on her alleged title. The legal effect of the release is nothing more than that. There does not appear by it any purpose to release any interest she may have had in the property, or in any manner to interfere with her right to contest the title of the plaintiff, or to assert her own in this or any action.

If follows that the plaintiff's exceptions were not nor were any of them well taken. The reasons which induced the executors to make the settlement and pay the $500 for the release are not important here, nor is it proper for us to inquire whether there were any circumstances attending that transaction which will enable them to require the defendant to repay to them the amount they paid to her. There was then a judgment in support of the plaintiff's claim of the title, with costs. The executors had the right in view of the covenant to cause a new trial to be taken and defend the action in behalf of the defendant Emily. It may have been their judgment, voluntarily and justifiably exercised in view of the then existing circumstances, and without any reprehensible inducement on the part of the defendant, that the interest of the estate which they represented would be best promoted by the settlement as made; that as the matter then stood release from the covenant on those terms was preferable to the hazards of the litigation with the defendant, or with the plaintiff in defense of the defendant's title, or with both the plaintiff and defendant.

If the judgment in favor of the defendants remains the final judgment, it establishes judicially that there was no breach of the covenant, but that judgment was entered upon a verdict resulting from a disputed question of fact. We give no consideration to the rights as between the defendants and the executors on that subject. There is nothing in the issue to require it, and nothing appears to permit it.

The judgment and order should be affirmed.

ANGLE and CHILDS, JJ., concurred; HAIGHT, J., not sitting.

Judgment and order affirmed.